BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
LINDSEY M. GOMEZ-GRAY
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone:    (602) 274-1100

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  619-756-6978

LEVIN, FISHBEIN, SEDRAN & BERMAN
STEWART WELTMAN, OF COUNSEL (*Admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Sweltman@futtermanhoward.com
Telephone:  312-427-3600

LEVIN, FISHBEIN, SEDRAN & BERMAN
HOWARD J. SEDRAN (*Admitted Pro Hac Vice*)
510 Walnut Street
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA LINARES, an Individual and ABEL GONZALEZ, an Individual, On Behalf of Themselves and All Other Similarly Situated California Residents,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE, INC., a Washington corporation,<br><br>Defendant. | Case No.: 3:11-cv-02547-MMA-RBB<br><br>**CLASS ACTION**<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*;<br>2. VIOLATION OF CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; and<br>3. BREACH OF EXPRESS WARRANTY.<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Cecilia Linares and Abel Gonzalez, by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Defendant Costco Wholesale Inc., and allege as follows:

## NATURE OF ACTION

1. Defendant markets, sells and distributes the Kirkland Signature™[1] Glucosamine line of joint health dietary supplements.[2] Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Defendant claims that its Kirkland Glucosamine products help improve joint mobility, rebuild cartilage and improve joint function for all joints in the human body, for adults of all ages and for all manner and stages of joint related ailments. For example, on each and every Kirkland Glucosamine Chondroitin product label and/or package, Defendant prominently states that Kirkland Glucosamine is "Clinically Proven Effective" for "optimum mobility" and "as a building block for healthy cartilage" and that "two tablets per day deliver" these benefits, as well as "nourishes JOINT and CONNECTIVE TISSUE" and "supports JOINT CUSHIONING" (hereafter referred to as the "joint renewal, mobility and rejuvenation" representations). On each and every Kirkland Glucosamine and MSM product label and/or package, Defendant makes similar joint renewal, mobility and rejuvenation claims and also promises that "noticeable improvement in flexibility and range of motion should be expected after taking this supplement as directed on a consistent basis." However, the Kirkland Glucosamine products do not benefit or promote joint renewal, mobility and rejuvenation. Clinical cause and effect studies have found no causative link between the ingredients in the Kirkland Glucosamine products

---

[1] Kirkland Signature™ is Costco's store brand, also known as its "own-brand", "house brand", or "private label". It is available exclusively at Costco's website and Costco warehouses and is trademarked by the company. Kirkland Signature™ is one of the most successful brands in the country.

[2] The Kirkland Signature™ Glucosamine line of joint health dietary supplements include: (1) Kirkland Signature™ Extra Strength Glucosamine Chondroitin Sulfate ("Kirkland Glucosamine Chondroitin"); and (2) Kirkland Signature™ Extra Strength Glucosamine HCL and MSM ("Kirkland Glucosamine and MSM") (collectively, "Kirkland Glucosamine" or the "Products").

and joint renewal, mobility and rejuvenation. Defendant also does not have competent and reliable scientific evidence to support its representations. Defendant's representations are false, misleading, and reasonably likely to deceive the public.

2. Despite the deceptive nature of Defendant's representations, Defendant conveyed and continues to convey its deceptive joint renewal, mobility and rejuvenation representations through a variety of media, including in its print advertisements, as well as on its Product packages and labeling, website and online promotional materials. The only reason a consumer would purchase the Kirkland Glucosamine products is to obtain the advertised joint health benefits, which Kirkland Glucosamine does not provide.

3. Defendant's marketing and advertising campaign is designed to cause consumers to buy Kirkland Glucosamine. Defendant's deceptive marketing and advertising campaign has succeeded. Estimated sales of joint dietary supplements including Kirkland Glucosamine approached $820 million in 2006.[3]

4. Plaintiffs bring this action on behalf of themselves and other similarly situated California consumers who have purchased the Products to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Kirkland Glucosamine products. Plaintiffs allege violations of the Consumers Legal Remedies Act, the Unfair Competition Law, and Breach of Express Warranty created by Defendant's advertising, including false labeling.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of a state different from Defendant.

---

[3] 2007 Nutrition Industry Overview, Nutrition Business J., *available at* http://newhope360.com/managing-your-business/2007-nutrition-industry-overview (last visited Oct. 3, 2011).

- 3 -

6. This Court has personal jurisdiction over Defendant because Defendant is authorized to do and does conduct business in California. Defendant has marketed, promoted, distributed, and sold the Kirkland Glucosamine products in California, and Defendant has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred while they resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

## PARTIES

8. Plaintiff Cecilia Linares resides in Imperial, California. Towards the end of 2010, Plaintiff Linares was exposed to and saw Defendant's representations by reading the front, back and sides of the Kirkland Glucosamine Chondroitin label at a Costco store in El Centro, California. After reading the label, Plaintiff Linares purchased the Kirkland Glucosamine Chondroitin product to relieve her joint pain and in so doing relied on every single one of Defendant's renewal, mobility and rejuvenation representations. The Kirkland Glucosamine Chondroitin that Plaintiff purchased and took as directed did not help improve joint mobility, rebuild cartilage or improve joint function as represented. As a result, Plaintiff Linares suffered injury in fact and lost money. She would not have purchased Kirkland Glucosamine Chondroitin had she known it did not provide the advertised joint health benefits.

9. Plaintiff Abel Gonzalez resides in Canyon Lake, California. On or around January 2012, Plaintiff Gonzalez was exposed to and saw Defendant's representations by reading the front, back and sides of the Kirkland Glucosamine and MSM label at a Costco store in southern California. After reading the label, Plaintiff Gonzalez purchased the Kirkland Glucosamine and MSM product to improve the joint function and reduce

- 4 -

the joint pain in his shoulders and in so doing relied on every single one of Defendant's renewal, mobility and rejuvenation representations. The Kirkland Glucosamine and MSM that Plaintiff Gonzalez purchased and took as directed did not help improve joint mobility, rebuild cartilage or improve joint function as represented. As a result, Plaintiff Gonzalez suffered injury in fact and lost money. He would not have purchased Kirkland Glucosamine and MSM had he known it did not provide the advertised joint health benefits.

10. Defendant Costco Wholesale Inc. is a public corporation incorporated under the laws of the state of Washington. Defendant's corporate headquarters is located at 999 Lake Drive, Issaquah, Washington 98027. Defendant distributes, markets, and sells the Kirkland Glucosamine products to tens of thousands of consumers in California.

## **FACTUAL ALLEGATIONS**

### *The Kirkland Glucosamine Products*

11. Since 2001, Costco has distributed, marketed, and sold the Kirkland Signature™ line of joint dietary supplements. These products include: (1) Kirkland Signature™ Extra Strength Glucosamine/Chondroitin Sulfate; and (2) Kirkland Signature™ Extra Strength Glucosamine HCL and MSM.

12. The Kirkland Glucosamine products are sold online and in Costco stores statewide. The Kirkland Glucosamine and MSM product is available in 375 count bottles, retailing for approximately $18. The Kirkland Glucosamine Chondroitin product is available in 220 count bottles, retailing for approximately $25. The following are screen shots of the Kirkland Glucosamine products:

 

13. Since the Products' launch, Costco has consistently conveyed the message to consumers throughout California that the Kirkland Glucosamine products, with their "extra strength" formulas are clinically proven to deliver "optimum mobility" and will protect and build cartilage. Defendant's renewal, mobility and rejuvenation representations are false, misleading and deceptive.

14. Defendant represents that the claimed health benefits are achieved through the combination of ingredients in the Products. The primary active ingredient in both Kirkland Glucosamine products is glucosamine hydrochloride. Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue. The Products' labeling and packaging states the benefits associated with taking glucosamine hydrochloride: "Glucosamine is a basic building block for cartilage, synovial fluid and other connective tissues, which are needed for healthy structure and function of joints." There is no competent and reliable scientific evidence that taking glucosamine―let alone through oral administration―results in the body metabolizing it into something that builds cartilage or improves joint structure or function. In fact, clinical cause and effect studies have found no causative link between glucosamine hydrochloride supplementation and joint renewal, mobility or rejuvenation.

15. The chondroitin sulfate in Kirkland Glucosamine Chondroitin, is a complex carbohydrate found in the body's connective tissues. On the Product's labeling and packaging, Defendant represents that chondroitin sulfate "protects existing cartilage and

serves as a building block for healthy new cartilage." There is no competent and reliable scientific evidence that taking chondroitin―let alone through oral administration―results in the body metabolizing it into something that assists in building joint cartilage. Clinical cause and effect studies have found no causative link between chondroitin supplementation and joint renewal, mobility or rejuvenation.

16. The Methylsulfonylmethane ("MSM") found in Kirkland Glucosamine and MSM products is an organic sulfur compound found in fruits, corn, tomatoes, tea, coffee, and milk. On the Product's labeling and packaging, Defendant claims that MSM "is a necessary component that works in conjunction with Glucosamine to provide the building blocks of collagen, an important component of healthy joints and connective tissue. Clinical research shows MSM increases glucosamine's effectiveness." There is no competent and reliable scientific evidence that taking MSM―let alone through oral administration―results in the body metabolizing it into something that builds cartilage or improves joint structure or function, or makes glucosamine work more effectively. Clinical cause and effect studies have found no causative link between MSM supplementation and joint renewal, mobility or rejuvenation.

17. The Kirkland Glucosamine Chondroitin bottle references one study purportedly supporting Defendant's "Clinically Proven Effective" representation. Other than referencing the study sponsor, no other identifying information is included. The referenced NIH study is not competent and reliable scientific support for Defendant's representations. The NIH sponsored study did not examine, let alone find, that glucosamine and chondroitin rebuild cartilage, nourish joint and connective tissue or support joint cushioning. Defendant's citation to this study as support for its joint renewal, mobility and rejuvenation representations constitutes further deceptive and misleading conduct, in as much as the study is not competent and reliable evidence of efficacy.

18. In fact, numerous clinical cause and effect studies have found no causative

link between any of the primary active ingredients in the Kirkland Glucosamine products alone, or in combination, and joint renewal, mobility and rejuvenation. Nevertheless, Defendant without any scientifically valid confirmation that Kirkland Glucosamine is an effective joint treatment—let alone an effective treatment for *all* joints in the human body, for adults of *all* ages and for *all* manner and stages of joint related ailments—prominently claims on the Products' packaging and labeling that Kirkland Glucosamine, with its "extra strength" formula, will "deliver" "optimum joint mobility", rebuild cartilage and improve joint function. Front, back and side shots of the two Kirkland Glucosamine product labels appear as follows:

FRONT                                              LEFT SIDE



FRONT                                   LEFT SIDE



19. Defendant did not and does not have competent and reliable scientific evidence that any of the ingredients in its Kirkland Glucosamine products taken alone or in combination benefit, improve or promote joint renewal, mobility or rejuvenation. Numerous clinical studies have resulted in a finding of no efficacy for the ingredients in the Kirkland Glucosamine products and the prevention or improvement of joint degeneration or other joint ailments. Defendant's renewal and rejuvenation representations are false and misleading and reasonably likely to deceive the average consumer.

*The impact of Defendant's wrongful conduct*

20. Despite the lack of competent and reliable scientific evidence and numerous clinical studies that have found no causative like between the ingredients in the Kirkland Glucosamine products and joint renewal, mobility or rejuvenation, Defendant continues to unequivocally claim that its Kirkland Glucosamine products are an effective treatment for improving joint renewal, mobility and rejuvenation in all adults.

21. As the distributor of the Kirkland Glucosamine products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Kirkland Glucosamine products and is in a superior position to learn of

- 9 -

the effects—and has learned of the effects—its Products have on consumers.

22. Specifically, Defendant affirmatively misrepresented that the Kirkland Glucosamine products, with their "extra strength formula", are clinically proven to provide "Optimum JOINT HEALTH & MOBILITY", "Help[] Build CARTILAGE", "Nourish[] JOINT and CONNECTIVE tissue" and "Support[] JOINT CUSHIONING". Having made these affirmative misrepresentations, Defendant failed to disclose that well-conducted, clinical cause-and-effect studies have found no causative relationship between the product ingredients and the prevention or improvement of joint degeneration or other related ailments and Defendant has no competent and reliable scientific evidence that its Kirkland Glucosamine products are effective in helping provide joint renewal, mobility or rejuvenation as represented.

23. Notwithstanding these deceptive representations and material omissions, Defendant conveyed and continues to convey one uniform message: Kirkland Glucosamine, with its "extra strength formula", is clinically proven to provide "Optimum JOINT HEALTH & MOBILITY", "Help[] Build CARTILAGE", "Nourish[] JOINT and CONNECTIVE tissue" and "Support[] JOINT CUSHIONING" for all joints in the human body, for adults of all ages and for all manner and stages of joint related ailments.

24. Plaintiffs and Class members have been and will continue to be deceived or misled by Defendant's deceptive joint renewal, mobility and rejuvenation representations. Plaintiffs purchased and consumed the Products during the Class period and in doing so, read and considered the Products' label and based their decision to buy the Products on the joint renewal, mobility and rejuvenation representations. Defendant's deceptive representations and omissions were a material factor in influencing Plaintiffs' decision to purchase and consume the Products. Plaintiffs would not have purchased the Products had they known that Defendant's representations were false and misleading, that Defendant did not possess competent and reliable scientific evidence to support its joint renewal, mobility and rejuvenation representations, and that

clinical cause-and-effect studies have found no causative link between the ingredients in Kirkland Glucosamine and joint renewal, mobility or rejuvenation.

25. As a result, Plaintiffs and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendant's representations, were proven to be effective in improving joint mobility, rebuilding cartilage and improving joint function when, in fact, they are not.

26. Defendant, by contrast, reaped enormous profits from its false marketing and sale of these Products.

## CLASS DEFINITION AND ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class:

> All California residents who, within the applicable statute of limitations, purchased Kirkland Signature™ Extra Strength Glucosamine Chondroitin Sulfate and/or Kirkland Signature™ Extra Strength Glucosamine with MSM.
>
> Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the Kirkland Glucosamine products for the purpose of resale.

28. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed Class contains many thousands of members. The precise number of Class members is unknown to Plaintiffs.

29. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. The common legal and factual questions include, but are not limited to, the following:

- Whether the claims discussed herein that Defendant made about the

- 11 -

Products were or are misleading, or reasonably likely to deceive;

- Whether Defendant's alleged conduct violates public policy;
- Whether the alleged conduct constitutes violations of the laws asserted herein;
- Whether Defendant engaged in false and misleading advertising;
- Whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;
- Whether Plaintiffs and Class members are entitled to restitution, disgorgement of Defendant's profits, declaratory and/or injunctive relief; and
- Whether Plaintiffs and Class members are entitled to an award of compensatory and/or punitive damages.

30. Plaintiffs' claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above, were subject to Defendant's deceptive joint renewal, mobility and rejuvenation representations accompanying each and every bottle of the Kirkland Glucosamine products which include the same primary active ingredient – glucosamine hydrochloride. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class.

31. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in both consumer protection and class litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court

system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

33. In the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

34. Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to provide full restitution to Plaintiffs and Class members.

35. Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiffs and Class members. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
## Violation of Business & Professions Code §17200, *et seq.*

36. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

37. Plaintiffs bring this claim individually and on behalf of the Class.

38. As alleged herein, Plaintiffs have suffered injury in fact and lost money or property as a result of Defendant's conduct because they purchased Kirkland Glucosamine in reliance on Defendant's joint renewal, mobility and rejuvenation

- 13 -

representations detailed above, but did not receive a product that provides joint renewal, mobility or rejuvenation.

39. The Unfair Competition Law, Business & Professions Code §17200, *et seq*. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

40. Plaintiffs and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

41. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engaged in false advertising, misrepresented and omitted material facts regarding its Kirkland Glucosamine labels and packaging, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

42. As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers. Defendant's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq*.

43. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

44. Business & Professions Code §17200, *et seq*., also prohibits any "fraudulent business act or practice."

45. Defendant's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq*.

46. Plaintiffs and other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and omissions, which are described above. This reliance has caused harm to Plaintiffs and other members of the Class who each purchased Defendant's Kirkland Glucosamine products. Plaintiffs and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

47. As a result of its deception, Defendant has been able to reap unjust revenue and profit.

48. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

49. Plaintiffs, on behalf of themselves and all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiffs and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendant from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

**COUNT II**
**Violation of the Consumers Legal Remedies Act – Civil Code §1750** *et seq.*

50. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

51. Plaintiffs brings this claim individually and on behalf of the Class.

52. This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act"). Plaintiffs are consumers as defined by

California Civil Code §1761(d). Defendant's Kirkland Glucosamine products are goods within the meaning of the Act.

53. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the sale of Defendant's Kirkland Glucosamine products:

(5) Representing that [the Kirkland Glucosamine products have] . . . characteristics, . . . uses [or] benefits . . . which [they] do not have.

\* \* \*

(7) Representing that [the Kirkland Glucosamine products are] of a particular standard, quality or grade, . . . if [they are] of another.

\* \* \*

(9) Advertising goods . . . with the intent not to sell them as advertised.

\* \* \*

(16) Representing that [the Kirkland Glucosamine products have] been supplied in accordance with a previous representation when [they have] not.

54. Defendant violated the Act by representing and failing to disclose material facts on the Kirkland Glucosamine product labels and packaging, as described above, when it knew, or should have known, that the representations were unsubstantiated, were contrary to several clinical cause and effect studies finding the ingredients in all Kirkland Glucosamine products to be inefficacious, were false and misleading and that the omissions were of material facts they were obligated to disclose.

55. Pursuant to §1782(d) of the Act, Plaintiffs and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

56. Pursuant to §1782 of the Act, by letter dated November 2, 2011, Plaintiff Linares notified Defendant in writing by certified mail of the particular violations of

§1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act.

57. Defendant failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act. Therefore, Plaintiffs further seek claims for actual, punitive and statutory damages, as appropriate.

58. Defendant's conduct is malicious, fraudulent and wanton.

## COUNT III
## Breach of Express Warranty

59. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

60. Plaintiffs bring this claim individually and on behalf of the Class.

61. Defendant expressly warranted on each and every box of Kirkland Glucosamine that the Products help to provide "Optimum JOINT HEALTH & MOBILITY", "Help[] Build CARTILAGE", "Nourish[] JOINT and CONNECTIVE tissue" and "Support[] JOINT CUSHIONING". These joint renewal, mobility and rejuvenation statements made by Defendant are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promises. Plaintiffs read and placed importance on Defendant's joint renewal, mobility and rejuvenation representations.

62. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiffs and the Class.

63. Defendant breached the terms of this contract, including the express warranties, with Plaintiffs and the Class by not providing Products that could provide the benefits described above which was the only reason Plaintiffs and Class members purchased the Kirkland Glucosamine products.

64. As a result of Defendant's breach of its warranty, Plaintiffs and Class members have been damaged in the amount of the purchase price of the Kirkland Glucosamine products they purchased.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs prays for a judgment:

A. Certifying the class as requested herein;

B. Awarding Plaintiffs and the proposed Class members damages;

C. Awarding restitution and disgorgement of Defendant's revenues to Plaintiffs and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

E. Ordering Defendant to engage in a corrective advertising campaign;

F. Awarding attorneys' fees and costs; and

G. Providing such further relief as may be just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: June 1, 2012         BONNETT FAIRBOURN FRIEDMAN
                            & BALINT, PC

                            By: s/ Todd D. Carpenter
                            TODD D. CARPENTER
                            600 West Broadway, Suite 900
                            San Diego, California 92101
                            Telephone:   (619) 756-6978

                            BONNETT, FAIRBOURN, FRIEDMAN
                            & BALINT, P.C.
                            ELAINE A. RYAN
                            PATRICIA N. SYVERSON

- 18 -

LINDSEY M. GOMEZ-GRAY
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: 602-274-1100

LEVIN, FISHBEIN, SEDRAN & BERMAN
STEWART WELTMAN, Of Counsel
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  312-427-3600

LEVIN, FISHBEIN, SEDRAN & BERMAN
HOWARD J. SEDRAN
510 Walnut Street
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record denoted on the Court's Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 1, 2012.

By: s/ Todd D. Carpenter

BONNETT FAIRBOURN FRIEDMAN
  & BALINT, PC
TODD D. CARPENTER
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  619-756-6978