1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA LINARES, an Individual and ABEL GONZALEZ, an Individual, On Behalf of Themselves and All Other Similarly Situated California Residents,<br><br>        Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE, INC., a Washington corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:11-cv-02547-MMA-RBB<br><br>**PROTECTIVE ORDER AS MODIFIED BY THE COURT**<br><br>**[DOC. NO. 41]** |

---

1

Having considering the Joint Confidentiality Stipulation and Protective Order ("Protective Order") submitted by Plaintiffs Cecilia Linares and Abel Gonzalez ("Plaintiffs") and Defendant Costco Wholesale Corporation ("Costco"), and for good cause shown, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

1.      **Introduction and Scope.**

This Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony; all designated testimony taken at a hearing or other proceeding; and designated interrogatory answers, documents, and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery.  This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any Federal or Local procedural rule, and any supplementary disclosures thereto.

2.      **Designation as "Confidential" or "Confidential – Attorneys' Eyes Only."**

a.      Each party shall have the right to designate as confidential, and subject to this Protective Order, any information, document, or portion of any document, produced by it in this litigation that it in good faith believes to contain sensitive or confidential financial, business, personal, or technical information.  Designation of information or documents as confidential shall be made by stamping each page of the material containing confidential information with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to its production, or, if stamping is not possible due to the nature of the material being produced, by furnishing written notice to the receiving party that the material shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order.

b.      The "CONFIDENTIAL" designation may be used when material contains or constitutes sensitive personal information; commercial research or development information; proprietary business or sales information; or other information required by applicable law or

2

agreement to be kept confidential.  Except as otherwise provided herein, material designated as "CONFIDENTIAL" shall be disclosed by the recipient thereof only to:

    i.    Plaintiffs;

    ii.    Costco, including, but not limited to, its counsel and counsel's paralegals, clerical or other support staff or services, and any officers, directors, managers, supervisors, or other employees with responsibilities related to the subject matter of this litigation;

    iii.    counsel of record for the party to whom such documents or materials are produced or given, including counsel's paralegals, clerical or other support staff or services;

    iv.    the Court, including any Court personnel, court reporters (including audio and video), stenographers, or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any party submitting or filing with the Court material designated "CONFIDENTIAL" shall comply with the requirements of Local Rule 79.2, ECF Administrative Policies and Procedures, Section II.j., and the provisions of Paragraph 5 of this Order;

    v.    neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the parties;

    vi.    independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Confidentiality Undertaking attached hereto as Exhibit A; and

JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

vii.   copying services, imaging services, computer services, and/or litigation support services, provided that all documents and information designated "CONFIDENTIAL," including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such services.

c.     The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation may be used when material contains or constitutes trade secrets, competitive information, or other business information that a party or producing third party deems material requiring higher protection than the "CONFIDENTIAL" designation.   Except as otherwise provided herein, material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed by the recipient thereof only in the following circumstances:

i.   Disclosure may be made to in-house counsel, outside counsel of record, and employees of such counsel to whom disclosure is reasonably necessary for this litigation.

ii.   Disclosure may be made to the Court, including any Court personnel, court reporters (including audio and video), stenographers, or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any party submitting or filing with the Court material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall comply with the requirements of Local Rule 79.2, ECF Administrative Policies and Procedures, Section II.j., and the provisions of Paragraph 5 of this Order.

iii.   Disclosure may be made to any neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the parties;

4

iv.  Disclosure may be made to copying services, imaging services, computer services, and/or litigation support services, provided that all documents and information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such services.

v.  Disclosure may be made to independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action; provided, however, that before disclosure to any such expert is made, the identity of the expert must be disclosed in writing to the producing party.  The producing party shall have fourteen (14) days to object to the expert being shown "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials.  If the producing party objects, the parties agree to meet and confer as to whether and what materials may be shown to the expert.  If the parties cannot reach agreement, either party may bring the issue to the Court for resolution.  The expert must also sign the Confidentiality Undertaking attached hereto as Exhibit A.

d.  Except for documents produced for inspection, designation of confidential information or documents shall be made before, or at the time of, production or disclosure.

e.  In the event that documents are produced for inspection, such documents may be produced for inspection before being marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and before they are reviewed for privilege, work product, or other applicable privilege, pursuant to a "quick peek" agreement among the parties as contemplated by Fed. R. Civ. P. 26(f) and Fed. R. Evid. 502(d).  There will be no waiver of privilege, work product, or other applicable privileges in this or any other proceeding by virtue of an inspection that proceeds

5

before documents are reviewed for the existence of such privileges.  There will also be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this procedure.  Once specific documents have been designated for copying, any documents containing confidential information will then be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after copying but before delivery to the party who inspected and designated the documents.

    f.  Except as provided in this Order, or otherwise provided by written stipulation of the parties or by further Order of the Court, counsel for the parties shall keep all materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

    **3.**  **Designation of Deposition Transcripts.**

  Deposition transcripts, or portions thereof, may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" either (1) at the time of such deposition, and in such case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the designating party may direct; or (2) within fourteen (14) days following receipt of the final deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.  All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, "CONFIDENTIAL" for a period of fourteen (14) days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to

6

Paragraph 2 herein to review documents or materials designated "CONFIDENTIAL" on behalf of that non-designating party.  The designating party shall have the right to exclude from a deposition before taking the testimony that the designating party designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" all persons other than those persons qualified to receive, respectively, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to Paragraph 2, and who, to the extent required, have executed a Confidentiality Undertaking in the form of <u>Exhibit A</u> attached hereto.

**4.      Disclosure to Author, Recipient, Rule 30(b)(6) Witnesses, and Potential Witnesses.**

Notwithstanding any other provisions of this Protective Order, materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to a person, not already allowed access to such information under this Order if: (a) the materials were written or were previously received by the person; (b) the materials were written or received by a director, officer, employee, or agent of the entity for which the person is testifying as a Rule 30(b)(6) designee; or (c) counsel for the party designating the materials agrees in writing or otherwise on the record that the materials may be disclosed to the person.  Additionally, regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.  Disclosure of information or documents pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**5.      Filing of Confidential Materials.**

If material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

ONLY" is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, the party filing the material shall comply with the procedure to file documents under seal as specified in Local Rule 79.2 and ECF Administrative Policies and Procedures, Section II.j.   If the Court grants the motion to file documents under seal, unless the Court or applicable Local Rules require otherwise, arrangements shall be made (a) to bind or file separately said exhibits, as well as confidential portions of the transcript or pleading, (b) to place them in a sealed envelope appropriately marked and have hand-delivered to the Court, and (c) when filing electronically, to mark a blank page "CONFIDENTIAL," as a place holder for the page, document, or exhibit that is being filed and which is being hand-delivered to the Court as noted above.

Nothing in this Protective Order shall prevent the use in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to the provisions herein.   Any court hearing that refers to or describes information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may, in the Court's discretion, be held in camera.   Any party desiring that hearings or any portion thereof be held in camera, or that the trial or any portion thereof be conducted in camera, may make a separate motion requesting such treatment.

6.      **Limit on Use and Disclosure of Designated Information.**

Each party and all persons bound by the terms of this Protective Order shall use any information or documents governed by this Protective Order only for the purpose of prosecution or defense of this action, including any appeal.   Particularly, and without limitation, no party and no person bound by the terms of this Protective Order shall use any information or document that is provided in this action, and governed by this Protective Order, for any business or other purpose or in any other action or proceeding.   No party or other person shall disclose or release to any person not qualified under this Protective Order any information or document governed by this Protective

8

1    Order for any purpose, or to any person qualified under this Protective Order for any purpose other

2    than the prosecution or defense in this action.  The attorneys of record for the parties and other

3    persons receiving information governed by this Protective Order shall exercise reasonable care to

4
     insure that the information and documents governed by this Protective Order are (1) used only for

5
     the purposes specified herein and (2) disclosed only to authorized persons.

6

7           **7.       Agreement of Confidentiality.**

8           The parties to this action and attorneys of record for the respective parties hereby agree to be

9    bound by the terms of this Protective Order.

10
            **8.       Related Documents.**

11
            Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

12
     ONLY" shall include (1) all copies, extracts, and complete or partial summaries prepared from such

13
     material; (2) portions of deposition transcripts and exhibits thereto that contain or reflect the content

14
     of any such document, copies, extracts, or summaries; (3) portions of briefs, memoranda, or any

15
     other writing filed with the Court and exhibits thereto that contain or reflect the content of any such

16
     documents, copies, extracts, or summaries; and (4) testimony taken at a hearing or other proceeding

17
     that is designated in accordance with Paragraph 5 herein.

18

19          **9.       Confidentiality of Party's Own Documents.**

20          No person may disclose, in public or private, any designated information or documents of

21   another party except as provided for in this Protective Order, but nothing herein shall affect the right

22   of the designating party to disclose to its officers, directors, employees, consultants, or experts, or to

23
     any other person, material designated by it as "CONFIDENTIAL" or "CONFIDENTIAL –

24
     ATTORNEYS' EYES ONLY."  Such disclosure shall not waive the protections of this Protective

25
     Order and shall not entitle other parties or their attorneys to disclose such material in violation of it.

26
     Nothing herein shall prevent a designating party from later withdrawing the "CONFIDENTIAL" or

27

28   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation of any material.

**10.     Use of Designated Materials in Depositions.**

Notwithstanding any limitations on the use of materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in Paragraph 2 of this Order, any party may mark any material designated hereunder as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon, provided that (a) the exhibit and related transcript pages receive the same confidentiality designation as the original document and (b) with respect to materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the party wishing to use the material must provide notice of such use to the designating party at least five (5) days prior to such use, and the designating party shall have the right to prohibit such use if any non-party is present at such deposition, hearing, or other proceeding.

**11.     Other Protections; Challenge to Confidentiality Designation.**

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other materials as that party may consider appropriate.  Nor shall any party be precluded from (1) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (2) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (3) applying for a further Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.  On any motion challenging the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the burden of justifying the designation shall lie with the designating party.

If a party seeks declassification or removal of particular items designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from this Protective

10

Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information, or other thing, the following procedure shall be used:

a.   The party seeking such declassification shall give counsel for the other party written notice thereof by hand delivery or e-mail, with confirmation by first class U.S. mail, specifying the document, information, or other thing as to which such declassification is sought and the reasons for the request.  The challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated materials, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The challenging party must do so within **30 days of receiving the document---failure to bring the issue to the attention of the producing party may result in the challenging party waiving the opportunity to bring the dispute to the Court's attention.**  A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

b.   If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery by hand delivery or e-mail of the notice required in subparagraph a. above, then the party requesting the declassification of particular items designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may file and serve a motion for a further Order of this Court directing that the document, information, or other thing shall be declassified. Such motion may only be filed after abiding by Judge Skomal's rules regarding discovery disputes.

c.   Until the Court rules on the challenge, all parties shall continue to afford the materials in question the level of protection to which they are entitled under the designating

11

party's designation.

**12.      Prior or Public Knowledge.**

This Protective Order shall not apply to information that was, is, or becomes public knowledge in a manner other than by violation of this Protective Order, or that is legitimately and independently acquired from a source not subject to this Protective Order, or that is legitimately and independently developed or invented by the party to whom disclosure is made.

**13.      Inadvertent Failure to Designate.**

The inadvertent failure to designate material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not be deemed to waive a later claim as to the material's confidential nature, or to stop the producing party from so designating such material at a later date in writing and with particularity.   Notwithstanding anything herein to the contrary, any material received by a party that has not been designated as confidential shall not be considered confidential until such time as the receiving party receives notice in writing from the producing party of the change in the designation.

**14.      Inadvertent Disclosure of Privileged Information.**

a.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent production or disclosure in connection with this action of any materials that are covered by the attorney-client privilege or work-product protection shall not constitute a waiver of such privilege or protection. Instead, the disclosing party shall be entitled to assert such privilege or protection in this or any other Federal or State proceeding, and the materials and their subject matter shall instead be treated as if there had been no such disclosure.  Further, the inadvertent production or disclosure in connection with this action of any materials that are protected from disclosure by any other state or federal law, rule, or regulation, confidentiality requirements, agreement of the parties, or any other applicable privilege or doctrine likewise shall not constitute a waiver of such privilege and/or protection. Instead, the disclosing party shall be entitled to assert such privilege and/or protection in this or any

12

other Federal or State proceeding, and the materials and their subject matter shall instead be treated as if there had been no such disclosure.

b.      If any such materials are inadvertently produced, the recipient of the materials agrees that, upon discovery or notification of such a disclosure, it will: (i) promptly return the materials and all copies of the materials in its possession; (ii) delete any electronic versions of the materials from any data source, or any database it maintains; (iii) retrieve all electronic and paper copies of the materials provided to any third parties, including experts; (iv) destroy any notes that reveal the substance of the protected information; and (v) make no use of the information contained in the materials.

c.      Within a reasonable time after the discovery of the inadvertent disclosure, the producing party will provide a log that describes the basis for the claim that the materials are privileged or otherwise protected from disclosure.  The party returning such materials shall have the right to apply for an order that such materials are not protected from disclosure by any privilege, law, or doctrine, pursuant to the obligations of Paragraph 11.  The person returning such materials may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production or reveal the protected contents of the materials.

d.      The party to whom any inadvertently produced materials were returned shall retain the returned materials until the end of the case, including any appeals.  If the substance of the protected materials is discussed in a deposition or pleading before discovery or notification of the inadvertent disclosure, the parties agree that such testimony or discussion will be stricken and may not be used for any purpose.

**15.      No Prejudice.**

Producing or receiving confidential information, or otherwise complying with the terms of this Order, shall not (a) operate as an admission by any party that any particular confidential material contains or reflects trade secrets or any other type of confidential or proprietary information; (b)

13

prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.  However, the parties must file a motion to amend the protective order before any alterations will be enforced by the Court.

16.    **Other Proceedings.**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any materials governed by this Order, the receiving party must so notify the designating party in writing (by e-mail and/or overnight courier) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The designating party shall bear its own fees and the expenses of seeking protection in that court of its materials, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

17.    **Unauthorized Disclosure of Protected Materials.**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected

14

JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

materials to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Undertaking attached hereto as Exhibit A.

**18.    Non-Party Material.**

The terms of this Protective Order are applicable to "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information submitted, produced, or disclosed by the parties to this action, any third parties, and any non-parties.  Any third party or non-party producing documents or information in this action shall have the right to designate such documents and information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order, and shall otherwise have the same rights under this Protective Order in respect of its own documents and information as the parties to this action have in respect of their respective documents and information.

**19.    Return or Destruction of Designated Information.**

At the conclusion of this case, all materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this action, and all copies thereof, shall be returned to the producing party or, at the option of the receiving party, receiving attorneys of record shall destroy and certify in writing that such material has been destroyed.  Attorneys of record may retain materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for archival purposes only, consistent with the document retention policies of their respective firms, without the need to remove duplicative copies from the files or provide certification of such removal, and such materials shall remain subject to the provisions of this Protective Order.

**20.** **Waiver or Termination of Protective Order.**

No part of the restrictions established by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court.

**21.** **Paragraph Captions.**

The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Order.

Date:  August 22, 2012

BERNARD G. SKOMAL
United States Magistrate Judge

JOINT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER