Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (admitted *pro hac vice*)
kmccall@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7600

James D. Arden (admitted *pro hac vice*)
jarden@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CECILIA LINARES, an Individual and ABEL GONZALEZ, an Individual, On Behalf of Themselves and All Other Similarly Situated California Residents,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE, INC., a Washington corporation,<br><br>Defendant. | Case No. 3:11-cv-02547-MMA-BGS<br><br>**JOINT MOTION FOR A STAY OF ALL PROCEEDINGS**<br><br>Judge: Michael M. Anello<br>Magistrate Judge:  Bernard G. Skomal<br><br>Complaint Filed: November 2, 2011 |

Plaintiffs Cecilia Linares and Abel Gonzalez ("Plaintiffs") and Defendant Costco Wholesale Corporation ("Costco" or "Defendant") (collectively with

1

1 Plaintiffs, the "Parties"), through their respective counsel, respectfully jointly move to
2 stay this action because Plaintiffs' claims and the claims of the purported class they
3 seek to represent have been settled.  In support of this motion, the Parties state:
4     1. In this matter, Plaintiffs have challenged statements used in the
5 marketing of certain Kirkland brand glucosamine joint health dietary supplement
6 products, which are sold by Costco and manufactured by Rexall Sundown, Inc.,
7 NBTY, Inc., or one of their affiliated companies (collectively, "Rexall") (*See* Third.
8 Am. Compl., Dkt. No. 32.)
9     2. This matter is one of six putative class actions challenging the marketing
10 of glucosamine joint health dietary supplement products manufactured and/or sold by
11 Rexall, which are currently pending in five federal district courts throughout the
12 country.  The pending cases are: *Liliana Cardenas and Francisco Padilla v. NBTY,*
13 *Inc. and Rexall Sundown, Inc.*, No. 2:11-CV-01615-TLN-CKD (E.D. Cal. filed June
14 14, 2011); *Jennings v. Rexall Sundown, Inc.*, No. 1:11-cv-11488-WGY (D. Mass. filed
15 Aug. 22, 2011); *Cecilia Linares and Abel Gonzalez v. Costco Wholesale, Inc.*, No.
16 3:11-cv-02547-MMA-RBB (S.D. Cal. filed Nov. 2, 2011); *Nick Pearson v. Target*
17 *Corp.*, No. 1:11-cv-07972 (N.D. Ill. filed Nov. 9, 2011); *Randy Nunez v. NBTY, Inc.,*
18 *Arthritis Research Corp., and Nature's Bounty, Inc.*, No. 3:13-CV-0495 (S.D. Cal.
19 filed Mar. 1, 2013); and *Augustina Blanco v. CVS Pharmacy, Inc.*, No. 5:13-cv-
20 00406-JGB-SP (C.D. Cal. filed Mar. 4, 2013).
21     3. On April 15, 2013, the Parties in this action executed a global,
22 nationwide settlement agreement settling and releasing for consideration, *inter alia*, all
23 of the claims made in this case.  Plaintiffs Cecilia Linares and Abel Gonzalez have
24 both been identified as class representatives on behalf of the settlement class.
25     4. This settlement will be submitted to the Honorable Judge James B. Zagel
26 in the Northern District of Illinois for preliminary approval.  (Judge Zagel is presiding
27 over the *Pearson* case (N.D. Ill., Case No. 1:11-cv-07972), one of the cases being
28 settled.)

5. To facilitate this global, nationwide settlement, Plaintiffs have filed a Second Amended Class Action complaint in the *Pearson* case on behalf of a nationwide class of all persons in the United States who purchased the products covered by the settlement, which includes the Costco products at issue in this action (Ex. A hereto). Both Plaintiffs are named plaintiffs in the *Pearson* Second Amended Class Action Complaint (*id*. ¶¶ 13–14).

6. Pursuant to the settlement agreement, Plaintiffs and Rexall are jointly moving for a stay of this case pending final approval of the class action settlement. Similar motions will be filed in the other related cases.

7. In light of the settlement, the Parties respectfully request the Court to exercise its inherent authority to stay this action. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis* for the proposition that a "district court has discretionary power to stay proceedings in its own court"). A stay is appropriate where, as here, it is efficient to suspend an action pending resolution of proceedings in another jurisdiction that bear upon the case. *See, e.g.*, *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439, 2011 WL 219924, at *2 (E.D. Cal. Jan. 21, 2011) ("When there is an independent proceeding related to a matter before the trial court, the Ninth Circuit has held that a trial court may 'find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case.'" (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983))).

8. The proposed stay promotes judicial economy by permitting both the Court and the Parties to suspend their work on this case while the settlement process moves forward in the Northern District of Illinois. When final approval has been

given, the settlement requires Plaintiffs to voluntarily dismiss with prejudice this action. Accordingly, entering the proposed stay will conserve the resources of the Court, the litigants, and their counsel.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, the Parties respectfully request that this action be stayed pending final approval of the settlement.

Dated: April 25, 2013

Respectfully submitted,
SIDLEY AUSTIN LLP

By: *s/ Alycia A. Degen*
Alycia A. Degen
Attorneys for Defendant,
Costco Wholesale Corporation
E-mail: adegen@sidley.com

Dated: April 25, 2013

Respectfully submitted,
BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.

By: *s/Patricia N. Syverson*
Patricia N. Syverson
Attorneys for Plaintiffs,
Ceclia Linares and Abel Gonzalez
E-mail: psyverson@bffb.com

I, Alycia A. Degen, am the ECF user whose identification and password are being used to file the instant document. Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Plaintiffs and that I have obtained authorization from Patricia Syverson to affix her electronic signature to this document.

/s/ Alycia A. Degen
Alycia A. Degen
Attorney for Defendant
COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic filing system.

/s/ Alycia A. Degen
Alycia A. Degen
Attorney for Defendant
COSTCO WHOLESALE CORPORATION